UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALE F. SCHALLER,

    Petitioner,

                                                 Case No. 16-CV-11512-DT

v.

                                                 HON. DENISE PAGE HOOD

TONI RAE BANFIELD,

    Respondent.

_____/

**ORDER REMANDING THE MATTER BACK TO THE
LIVINGSTON PROBATE COURT, STATE OF MICHIGAN,
ORDER REGARDING VARIOUS MOTIONS FILED BY THE PARTIES
and
ORDER DESIGNATING THIS ACTION CLOSED**

Upon a review of the Notice of Removal filed by Respondent Toni Rae Banfield, which includes the Petition filed by Petitioner Dale F. Schaller before the State of Michigan's Livingston Probate Court, Respondent has not shown that the Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331.

The federal district court is a court of limited jurisdiction. The district court is only empowered to hear those cases that (1) are within the judicial power of the United States as defined in Article III of the Constitution and (2) that have been entrusted to the district court by a jurisdictional grant of Congress. *Hodgson v. Bowerbank*, 9 U.S. 303 (1809); *Insurance Corp. of Ireland v. Compagnie des Bauxites*

*de Guinee*, 456 U.S. 694 (1982). The presumption is that a federal court lacks jurisdiction in a particular case until it has been demonstrated that jurisdiction over the subject matter exists. *Lehigh Mining & Mfg. Co. v. Kelly*, 160 U.S. 327, 337 (1895). The intent of Congress to drastically restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the courts. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-291 (1938). The facts showing the existence of jurisdiction must be affirmatively alleged in the Complaint. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936); Fed. R. Civ. P. 8(a)(1). If these facts are challenged, the burden is on the party claiming jurisdiction to demonstrate that the court has jurisdiction over the subject matter. *Thomson v. Gaskill,* 315 U.S. 442 (1942). "If the court determines at any time it lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action." Fed. R. Civ. P. 12(h)(3); *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737 (1976). The existence of subject matter jurisdiction generally is a question of law. *Greater Detroit Resource Recovery Author. v. United States*, 916 F.2d 317, 319 (6th Cir. 1990). The Court of Appeals reviews a district court's factual determinations regarding jurisdictional issues for clear error. *Gafford v. General Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993).

The removing party cites federal question subject matter jurisdiction based on

28 U.S.C. § 1441(a), which is the removal procedural statute, not the subject matter jurisdiction statute which would form the basis of a removal of a case from state court. The Court's review of the attached Petition for Approval of Sale of Real Estate filed by Petitioner fails to establish federal question subject matter jurisdiction. It appears Respondent is removing a matter filed before the Livingston County Probate Court which was remanded by the Bankruptcy Court to the Livingston County Probate Court. (*See*, related Bankruptcy Appeal, *In re Gentry,* Case No. 15-14402) Respondent is circumventing the Bankruptcy Court's remand order by removing the matter from the Livingston County Probate Court directly to the District Court. In any event, this Court's initial review of the Petition for Approval of Sale of Real Estate filed by Petitioner, which appears to be the "pleading" Respondent removed to this Court as a basis for the Court's federal question subject matter jurisdiction, does not allege any claims "arising under the Constitution, laws, or treaties of the United States" as required by 28 U.S.C. § 1331.

    The Court is aware that it has subject matter jurisdiction over bankruptcy cases and proceedings under 28 U.S.C. § 1334. All bankruptcy matters are automatically referred to the Bankruptcy Court under E.D. Mich. LR 83.50. Based on the removing party's submissions, the Bankruptcy Court has ruled on this matter and remanded the matter to the Livingston County Probate Court. The removing party failed to cite the

appropriate law which authorizes the removal under § 1334.

In addition, for the reasons set forth in the Court's Opinion in the related Bankruptcy Appeal Case No. 15-14402, *In re Gentry,* the Court finds the current action must be remanded back to the Livingston County Probate Court. Any Counterclaims and Third Party Complaints subsequently filed in this case number are dismissed without prejudice because the Court lacks subject matter jurisdiction over the initial removed action.

Accordingly,

IT IS ORDERED that the Motions to Dismiss and/or Remand filed by Petitioner Dale F. Schaller **(Doc. Nos. 5, 45, 46)** are GRANTED, but only for the reasons set forth above and in the Court's Opinion affirming the Bankruptcy Court in Case No. 15-14402.

IT IS FURTHER ORDERED that the Motions to Strike filed by Respondent Toni Rae Banfield **(Doc. Nos. 8, 11, 27)** are DENIED as MOOT.

IT IS FURTHER ORDERED that the Motion to Disqualify Counsel filed by Respondent Toni Rae Banfield **(Doc. No. 20)** is DENIED as MOOT.

IT IS FURTHER ORDERED that the Motions for Sanctions filed by Respondent Toni Rae Banfield **(Doc. Nos. 21, 49)** are DENIED as MOOT.

IT IS FURTHER ORDERED that the Motion to Deny Entry of Default of

Counter-Complaint **(Doc. No. 57)** is GRANTED and the Clerk's Entry of Default **(Doc. No. 50)** is SET ASIDE, in light of the Court's ruling it lacks subject matter jurisdiction over this removed action.

IT IS FURTHER ORDERED that the related Counterclaims and Third-Party Complaints filed **(Doc. Nos. 15, 16, 17, 22, 23)** are DISMISSED without prejudice to the parties filing such in the State Court (if appropriate), the Court finding it lacks subject matter jurisdiction over the initial removed action.

IT IS FURTHER ORDERED that the Petition for Appointment of Special Fiduciary **(Doc. No. 24)** is DENIED as MOOT.

IT IS FURTHER ORDERED that this action is **REMANDED** back to the Livingston County Probate Court, State of Michigan.  **The Clerk shall prepare the necessary documents to effectuate the remand forthwith.**

IT IS FURTHER ORDERED that this action is designated as **CLOSED** on the Court's docket.


                                 S/Denise Page Hood
                                 Denise Page Hood
                                 Chief Judge, United States District Court

Dated:  July 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2016, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager